# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Jeremy R. Johnson,

        Plaintiff,

v.

Encore Capital Group, Inc., and

Midland Credit Management, Inc.,

        Defendants.

Court File No.: _____
Judge: _____
Case Type: 14 - Other Civil Matter

**SUMMONS**

THIS SUMMONS IS DIRECTED TO: **MIDLAND CREDIT MANAGEMENT, INC.**

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    Mark L. Heaney
    Heaney Law Firm, LLC
    13911 Ridgedale Drive, Suite 110
    Minnetonka, Minnesota 55305

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: **September 10, 2015**

HEANEY LAW FIRM, LLC

_____
Mark L. Heaney
(MN #333219, AZ #022492)
13911 Ridgedale Drive, Suite 110
Minnetonka, MN 55305-1773
Tel: (952) 933-9655
Fax: (952) 544-1308
mark@heaneylaw.com

*Attorney for Plaintiff Jeremy R. Johnson*

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

Jeremy R. Johnson,

        Plaintiff,

v.

Encore Capital Group, Inc., and

Midland Credit Management, Inc.,

        Defendants.

Court File No.: _____
Judge: _____
Case Type: 14 - Other Civil Matter

**COMPLAINT**

Plaintiff, Jeremy R. Johnson, as and for his cause of action hereby states and alleges the following:

## INTRODUCTION

1. This is an action for damages brought by Jeremy R. Johnson against Encore Capital Group, Inc., and Midland Credit Management, Inc., for their repeated violations of the Telephone Consumer Protection Act, 15 U.S.C. §227 *et seq.* ("TCPA") and invasions of privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which states, "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State…(B) and action to recover for actual monetary loss from such a violation…" 47 U.S.C. § 227(b)(3).

3. Venue is proper in this judicial district because the relevant acts and transactions occurred within Hennepin County, Minnesota, and the Defendants transact business within Hennepin County, Minnesota.

## PARTIES

4. Plaintiff, Jeremy R. Johnson, is a natural person and plaintiff in this action.

5. Defendant, Encore Capital Group, Inc., ("Encore") is a publicly traded, Delaware corporation. Encore, through its wholly owned subsidiaries, including MCM, engages in the business of collecting consumer debts in Minnesota. Encore's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, in San Diego, California.

6. Defendant, Midland Credit Management, Inc. ("MCM") is a Kansas corporation engaged in the business of collecting debts in Minnesota. MCM is a wholly owned subsidiary of Encore. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, in San Diego, California. MCM's registered agent is Corporation Service Company located at 2345 Rice Street, Suite 230, Roseville, Minnesota. MCM is licensed by the Minnesota Department of Commerce to collect consumer debts in Minnesota.

## FACTS

7. Sometime prior to January 1, 2012, Plaintiff allegedly incurred a financial obligation, namely a balance due to CIT Bank ("the Debt" or "alleged Debt").

8. Upon information and belief, on or around January 1, 2013, the CIT Bank sold, assigned or otherwise transferred the alleged Debt to Midland Funding LLC, a subsidiary of Defendant Encore.

9. Midland Funding LLC transferred the debt to Defendant MCM for collection from the Plaintiff.

10. Throughout the days and months from January 1, 2013, until March 1, 2014, Defendants made in excess of **100** telephone calls to Plaintiff's cellular telephone using an "automatic telephone dialing system," as defined by TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1), in an attempt to collect the balance allegedly due on the Debt. A partial list of the phone calls made by Defendant Encore is attached hereto, marked as "Exhibit A."

11. Each of the Defendants numerous telephone calls were made to Plaintiff's cellular telephone, which contains a Minnesota area code ("612"). The Defendants knew they were calling a Minnesota resident.

12. The phone number displayed on Plaintiff's caller id for many of Defendants' phone calls was "866-652-3145." This toll-free number is assigned to Defendants.

13. Defendant MCM has been registered with the Public Utility Commission of Texas to use an Automatic Dial Announcing Device since September 11, 2006. See attached, "Exhibit B."

### *Telephone Consumer Protection Act*

14. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

3

15. At all times relevant to this complaint, Defendants owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

16. Defendants at all times relevant to the complaint herein engaged in "telecommunications" defined by the TCPA 47 U.S.C. § 153(50).

17. Defendants at all times relevant to the complaint herein engaged in "interstate communications" by the TCPA 47 U.S.C. § 153(28).

18. At all times relevant to this complaint, the Defendants used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

19. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## EMOTIONAL DISTRESS

20. As a result of the Defendants' repeated violations of the TCPA and invasions of Plaintiff's privacy, Plaintiff suffered actual damages in the form emotional distress. Plaintiff suffered from headaches, anxiety, stress, anger, frustration, irritability and upset stomach, among other negative emotions and physical symptoms.

### CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)(1)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Within the four year period immediately preceding this action, Defendants made numerous calls to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

23. Within the four year period immediately preceding this action, Defendants used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

24. The acts and or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

26. Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

27. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

28.     Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

29.     Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

30.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

32.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

6

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

33. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully making phone calls to Plaintiff in violation of the TCPA. *See Owners Ins. Co. v. European Auto Works, Inc.* 695 F.3d 814, 819 – 820 (8th Cir. 2012) ("We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are " 'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase [].")(quoting *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005)).

34. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect the alleged Debt using an automatic telephone dialing system to call Plaintiff's cell phone in violation of the TCPA.

35. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

36. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

37. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

38. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

**THEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants for the following:

## COUNT I.
## Violations of the Telephone Consumer Protection Act

1. For a declaration that Defendants telephone calls to Plaintiff violated the TCPA;

2. For an award of damages consistent with the TCPA, 47 U.S.C. § 227(b)(3)(B);

3. For an award of triple the damages available under 47 U.S.C. § 227(b)(3) for willful or knowing violations of the TCPA;

4. For a permanent injunction prohibiting Defendants from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

5. Such other or further relief as the Court deems proper;

## COUNT II.
## Invasion of Privacy by Intrusion Upon Seclusion

6. For an award of actual damages for the emotional distress suffered as a result of the invasions of privacy in an amount to be determined at trial; and

7. For such other and further relief as may be just and proper.

Date: **September 10, 2015**

**HEANEY LAW FIRM, LLC**

*[signature]*

Mark L. Heaney
(MN #333219, AZ #022492)
13911 Ridgedale Drive, Suite 110
Minnetonka, MN 55305-1773
Tel: (952) 933-9655
Fax: (952) 544-1308
mark@heaneylaw.com

*Attorney for Plaintiff Jeremy R. Johnson*

# EXHIBIT "A"

## CALL LIST

| No: | Date | Time (CST) | PM/AM | Incoming Number |
|---|---|---|---|---|
| 1 | 11/21/2013 | 11:12 | AM | 866-652-3145 |
| 2 | 11/21/2013 | 5:33 | PM | 866-652-3145 |
| 3 | 11/21/2013 | 8:17 | PM | 866-652-3145 |
| 4 | 11/22/2013 | 11:16 | AM | 866-652-3145 |
| 5 | 11/22/2013 | 5:00 | PM | 866-652-3145 |
| 6 | 11/23/2013 | 11:01 | AM | 866-652-3145 |
| 7 | 11/23/2013 | 5:14 | PM | 866-652-3145 |
| 8 | 11/23/2013 | 6:58 | PM | 866-652-3145 |
| 9 | 11/24/2013 | 12:01 | PM | 866-652-3145 |
| 10 | 11/25/2013 | 11:22 | PM | 866-652-3145 |
| 11 | 11/25/2013 | 4:43 | PM | 866-652-3145 |
| 12 | 11/26/2013 | 11:24 | AM | 866-652-3145 |
| 13 | 11/26/2013 | 6:02 | PM | 866-652-3145 |
| 14 | 11/27/2013 | 11:21 | AM | 866-652-3145 |
| 15 | 11/27/2013 | 8:32 | PM | 866-652-3145 |
| 16 | 11/29/2013 | 1:43 | PM | 866-652-3145 |
| 17 | 11/29/2013 | 5:32 | PM | 866-652-3145 |
| 18 | 11/30/2013 | 11:20 | AM | 866-652-3145 |
| 19 | 11/30/2013 | 4:00 | PM | 866-652-3145 |
| 20 | 12/01/2013 | 2:46 | PM | 866-652-3145 |
| 21 | 12/01/2013 | 7:10 | PM | 866-652-3145 |
| 22 | 12/02/2013 | 10:35 | AM | 866-652-3145 |
| 23 | 12/02/2013 | 3:11 | PM | 866-652-3145 |
| 24 | 12/03/2013 | 1:44 | PM | 866-652-3145 |
| 25 | 12/03/2013 | 7:16 | PM | 866-652-3145 |
| 26 | 12/04/2013 | 2:16 | PM | 866-652-3145 |
| 27 | 12/04/2013 | 8:00 | PM | 866-652-3145 |
| 28 | 12/05/2013 | 11:19 | AM | 866-652-3145 |
| 29 | 12/06/2013 | 11:21 | AM | 866-652-3145 |
| 30 | 12/06/2013 | 7:52 | PM | 866-652-3145 |
| 31 | 12/07/2013 | 2:49 | PM | 866-652-3145 |
| 32 | 12/08/2013 | 12:12 | PM | 866-652-3145 |
| 33 | 12/08/2013 | 6:00 | PM | 866-652-3145 |
| 34 | 12/09/2013 | 3:48 | PM | 866-652-3145 |
| 35 | 12/10/2013 | 2:48 | PM | 866-652-3145 |
| 36 | 12/10/2013 | 8:09 | PM | 866-652-3145 |
| 37 | 12/11/2013 | 2:32 | PM | 866-652-3145 |

# Exhibit "B"

ADAD Report                                                                     http://www.puc.texas.gov/industry/communications/directories/...



# Public Utility Commission of Texas

## ADAD Report

### MIDLAND CREDIT MANAGEMENT INC

Permit No: 060376

**Type:** ADAD
**Permit Approved Date:** 9/11/2006
**Date Last Renewed:** 9/11/2014

**DBA Names**

No DBA Records

**Contact Information**

*Mailing / PO Box  (Mailing Address)*
MIDLAND CREDIT MANAGEMENT INC
C/O CORNERSTONE SUPPORT INC
DENISE ROBBINS
70 MANSELL COURT
SUITE 250
ROSWELL, GA 30076
**Email:** drobbins@cornerstonesupport.com
**Phone:** 678-740-0498
**Fax:** 770-587-2440

*Mailing / PO Box*
MIDLAND CREDIT MANAGEMENT INC
GREG GERKIN
3111 CAMINO DEL RIO NORTH
SUITE 1300
SAN DIEGO, CA 92108
**Email:** Greg.Gerkin@mcmcg.com
**Phone:** 858-560-2600
**Fax:** 858-309-6998

*Company / Physical*
MIDLAND CREDIT MANAGEMENT INC
GREG GERKIN
8875 AERO DRIVE
SUITE 200
SAN DIEGO, CA 92123
**Email:** Greg.Gerkin@mcmcg.com
**Phone:** 858-560-2600
**Fax:** 858-309-6998

*Company / Physical*
MIDLAND CREDIT MANAGEMENT INC
GREG GERKIN
700 W. HENRY ST.
INDIANAPOLIS, IN 46225
**Email:** Greg.Gerkin@mcmcg.com
**Phone:** 858-560-2600
**Fax:** 858-309-6998

**Reports**

2014
**ADAD Annual Report**
**Submitted:** 6/9/2014
**Approved:** 6/12/2014

2013
**ADAD Annual Report**
**Submitted:** 6/7/2013
**Approved:** 6/14/2013

2012
**ADAD Annual Report**
**Submitted:** 6/7/2012
**Approved:** 6/13/2012

2011
**ADAD Annual Report**
**Submitted:** 6/7/2011
**Approved:** 6/10/2011

ADAD Report                                                                 http://www.puc.texas.gov/industry/communications/directories/...

2010
**ADAD Annual Report**
**Submitted:** 5/3/2010
**Approved:** 5/11/2010

2009
**ADAD Annual Report**
**Submitted:** 4/20/2009
**Approved:** 5/7/2009

2008
**ADAD Annual Report**
**Submitted:** 4/8/2008
**Approved:** 4/22/2008

2007
**ADAD Annual Report**
**Submitted:** 7/17/2007
**Approved:** 7/19/2007

*End Report*